MAYO and others *v.* CLARK and others.

CLARK and others *v.* MAYO and others.

(*Circuit, Court D. Massachusetts.* April 17, 1880.)

TOWAGE SERVICE—SALVAGE.

In Admiralty.

*John C. Dodge* and *Frederick Dodge*, for libellants.

*C. T. Russell* and *C. T. Russell, Jr.*, for claimants.

LOWELL, J. The decision of this case depends upon the single question whether, under the circumstances in which the vessel was taken in tow, the libellants were justified in

supposing that they had undertaken a salvage service. Nothing was said by either party at the time; and if the wind had gone down rapidly, and the barkentine had been towed to Boston without much difficulty, we might never have heard of a salvage claim. But matters did not turn out in this way. There was difficulty and danger, and another tug was obliged to come to the assistance of the libellants, to prevent serious danger if not loss to the Frank Lambirth. That tug was undoubtedly a salvor, and has been paid as such since the case left the district court.

Upon the whole evidence, which was very elaborate and full, I am of opinion that the Frank Lambirth was in danger at the time the tug Woolley came up. I think there had been one failure to tack. Some of the witnesses deny this, but they are, perhaps, referring to a later period than at which the second mate of the barque says that they did try to go about without success. Whether he is accurate or not, I think the vessel either was, or was thought to be, unable to tack, and would have found it necessary to come to anchor in a very short time; and, as she was on a lee shore, there can be no doubt that if she had been at anchor there would have been, as the wind and sea then were, need of speedy relief.

I do not think that the libellants were as careful as they should have been in respect to the scope of hawser, and it is not improbable that the parting of the hawser would not have occurred if more scope had been given. But I am not at all sure that this accident had much effect upon the result of the adventure. Without it the tug must have had assistance, and the assisting tug would have been a salvor.

Upon the whole, while I would not encourage any real or supposed readiness which owners of tugs may have to convert a simple towage service into one of salvage, I find that the peculiar facts of this case relieve it of any such appearance.

The amount awarded was liberal, but no serious objection was raised to it.

Decree affirmed, with costs.